**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID M. FROSTICK, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:14-cv-804-JCM-PAL |
| | ) |
| ANDREA LUEM et al., | )   **SCREENING ORDER** |
| Defendants. | ) |
| _____ | ) |

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate. Plaintiff has submitted an application to proceed *in forma pauperis* and a civil rights complaint. (ECF No. 1-1, 1-2, and 3).

**I.     *IN FORMA PAUPERIS* APPLICATION**

Based on the information regarding plaintiff's financial status in the application to proceed *in forma pauperis*, the court will grant plaintiff leave to proceed *in forma pauperis*, but will require plaintiff to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915. (ECF No. 3).  The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must prepay–plaintiff will be required to prepay an initial installment of **$50.87**, instead of having to prepay the full $350 filing fee for this action.  The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915.  The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's institutional account regardless of the outcome of this action.

1   ## II.   SCREENING STANDARD

2   Federal courts must conduct a preliminary screening in any case in which a prisoner

3   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

4   28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

5   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted

6   or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

7   § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v.*

8   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. §

9   1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the

10  Constitution or laws of the United States, and (2) that the alleged violation was committed by

11  a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

12  In addition to the screening requirements under § 1915A, pursuant to the Prison

13  Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation

14  of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which

15  relief may be granted, or seeks monetary relief against a defendant who is immune from such

16  relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which

17  relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court

18  applies the same standard under § 1915 when reviewing the adequacy of a complaint or an

19  amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should

20  be given leave to amend the complaint with directions as to curing its deficiencies, unless it

21  is clear from the face of the complaint that the deficiencies could not be cured by amendment.

22  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

23  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel*

24  *v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

25  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the

26  claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.

27  1999).  In making this determination, the court takes as true all allegations of material fact

28  stated in the complaint, and the court construes them in the light most favorable to the plaintiff.

2

*See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF COMPLAINT

In the complaint, plaintiff sues multiple defendants for events that took place while plaintiff was incarcerated at the Clark County Detention Center ("CCDC").  (ECF No. 1-1 at 1). Plaintiff sues defendants Officer Coyne, Officer Lee, Detective Boucher, Detective Rogers, Patrick McDonald (attorney), Michael H. Schwarz (attorney), Arnold Weinstock (attorney), Andrea Luem (attorney), and Dan Winder (attorney).  (*Id.* at 2-4).  Plaintiff alleges three counts and seeks monetary damages and a jury trial.  (*Id.* at 13, 18).

In Count I, plaintiff alleges that the officers in his case were negligent in preserving exculpatory evidence and that his attorneys were ineffective.  (*Id.* at 5).  In Count II, plaintiff alleges that he had several ineffective attorneys and that some detectives had interfered with his attorney-client relationship.  (*Id.* at 8).  In Count III, plaintiff alleges that his attorneys were ineffective.  (*Id.* at 13).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id*. at 486-87.  "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983."  *Id*. at 487.  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id*.

The court dismisses plaintiff's complaint under *Heck v. Humphrey*.  Plaintiff is attempting to challenge the validity of his conviction or imprisonment by challenging the actions and decisions of the law enforcement officers and the attorneys who were involved in his conviction or imprisonment.  If plaintiff's claims of ineffective assistance of counsel are true then they would call into question the validity of his conviction or imprisonment.  As such, the court dismisses the complaint because plaintiff's claims are barred by *Heck v. Humphrey*.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is GRANTED.  Plaintiff will be permitted to maintain this action without prepayment of the full filing fee.  However, plaintiff must pay an initial installment of the filing fee in the amount of $50.87.  Plaintiff will not be required to pay fees or costs, other than the

filing fee, or give security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

IT IS FURTHER ORDERED that within thirty (30) days from the date of entry of this order, plaintiff SHALL PAY the initial installment of the filing fee to the clerk of court.  Failure to comply with this order may result in the dismissal of this action.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **David M. Frostick, #2697864** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account.  The clerk shall send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101**.

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the clerk of court SHALL FILE and docket plaintiff's complaint (ECF No. 1-1, 1-2).

IT IS FURTHER ORDERED that the complaint is dismissed in its entirety, without prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

IT IS FURTHER ORDERED that the clerk of the court shall send plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

IT IS FURTHER ORDERED that plaintiff may file a habeas corpus petition and an *in*

1   *forma pauperis* application in a new action, but he may not file any further documents in this

2   action.

3          IT IS FURTHER ORDERED that this court certifies that any *in forma pauperis* appeal

4   from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

5          IT IS FURTHER ORDERED that the clerk of the court shall enter judgment accordingly.

6

7

8   DATED: June 17, 2014.

9

10                                        _____
                                          United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28